# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA
# GAINESVILLE DIVISION

| | |
|---|---|
| MARTINSON INDUSTRIES, LLC, a Delaware limited liability company, <br><br> Plaintiff, <br><br> vs. <br><br> PHALANX DEFENSE SYSTEMS, LLC, a Florida limited liability company <br><br> Defendant. | **Case No.: 1:19-cv-00052-MW-GRJ** <br><br> INJUNCTIVE RELIEF REQUESTED <br><br> JURY TRIAL REQUESTED |

## DEFENDANT'S MOTION TO DISMISS

Defendant Phalanx Defense Systems, LLC ("Phalanx") hereby moves to dismiss Counts 1, 2, 4, and 8 of Plaintiff's Complaint.  Counts 1 and 2, for infringement of two patents owned by Plaintiff, fail to meet the relevant pleading standards because they do not explain how each accused product infringes on any claim of the asserted patents, and they do not even state with specificity which claims of the patents are asserted.  Count 4, for false marking, fails to plead the elements of fraud with particularity, as required by the Federal Rules of Civil Procedure.  Count 8, for declaratory judgment regarding a tortious interference claim, is already the subject of a first-filed state court action, and Plaintiff has not

explained why that action should be preempted by federal law.  As such, Counts 1, 2, 4, and 8 of Plaintiff's Complaint should be dismissed.

I. Plaintiff's Complaint ...................................................................................................1
II. Legal Standards .........................................................................................................1
III. Argument ..................................................................................................................2
   1. Plaintiff's Patent Infringement Counts Should be Dismissed Because They Fail to Assert How Phalanx Supposedly Infringes the Patents ..............................2
   2. Plaintiff's Claim for False Marking Should be Dismissed Because it Falls Short of the Heightened Pleading Standard for Fraud............................................4
   3. Plaintiff's Declaratory Judgment of No Tortious Interference Count Should be Dismissed in Favor of the Already-Pending State Court Action......................5
IV. Conclusion .................................................................................................................6

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009) ................................................................................................2

*Bell Atlantic Corp. v. Twombly*,
 550 U.S. 544 (2007) ................................................................................................2

*Bierer v. HD Electric Co.*,
 No. 18-cv-08525 (N.D. Ill. Mar. 12, 2019) ............................................................3

*Blue Water Innovations, LLC v. Fettig*,
 No. 18-60671, 2019 U.S. Dist. LEXIS 73605 (S.D. Fla. Mar. 8,
 2019) .......................................................................................................................3

*In re BP Lubricants USA Inc.*,
 637 F.3d 1307 (Fed. Cir. 2011) ..............................................................................5

*Clearplay, Inc. v. Nissim Corp.*,
 555 F. Supp. 2d 1318 (S.D. Fla. 2008) ...................................................................6

*Edge Sys. Ltd. Liab. Co. v. Aguila*,
 No. 1:14-cv-24517-KMM, 2015 U.S. Dist. LEXIS 144830 (S.D.
 Fla. Oct. 26, 2015) ..................................................................................................4

*Juniper Networks, Inc. v. Shipley*,
 643 F.3d 1346 (Fed. Cir. 2011) ..............................................................................4

*Raptor, LLC v. Odebrecht Constr.*,
 No. 17-21509, 2017 U.S. Dist. LEXIS 97440 (S.D. Fla. June 22,
 2017) .......................................................................................................................2

*S.-Owners Ins. Co. v. Wallace Sprinkler & Supply, Inc.*,
 No. 3:13-cv-631-RS-EMT, 2014 U.S. Dist. LEXIS 187338 (N.D.
 Fla. Aug. 28, 2014) .................................................................................................6

*Somero Enters. v. Stoltzfus*,
 No. 2:18-cv-161, 2018 U.S. Dist. LEXIS 134938 (M.D. Fla. Aug.
 10, 2018) .................................................................................................................3

*Zenith Elecs. Corp. v. Exzec, Inc.*,
    182 F.3d 1340 (Fed. Cir. 1999) ............................................................................... 6

**Statutes**

35 USC § 292 ................................................................................................................ 4, 5

**Other Authorities**

Fed. R. Civ. P. 8(a) ............................................................................................................ 1

Fed. R. Civ. P. 9(b) ....................................................................................................... 4, 5

## MEMORANDUM IN SUPPORT OF
## DEFENDANT'S MOTION TO DISMISS

### I. PLAINTIFF'S COMPLAINT

Plaintiff's Complaint (D.I. 1) sets forth a number of legal theories based loosely on the alleged facts that Plaintiff created a certain type of body armor useful for those in combat. Plaintiff claims to own two patents (¶ 16), for which Plaintiff and Phalanx previously allegedly entered into a license agreement (¶28). Among other charges, Plaintiff accuses Phalanx of infringing the two patents (Counts 1 and 2), falsely marking Phalanx's products with a different patent number that Plaintiff believes does not cover Phalanx's products (Count 4), and asserting in state court a tortious interference claim that allegedly relates only to federal law issues (Count 8). Each of these claims is plead improperly and should be dismissed, as described below.

### II. LEGAL STANDARDS

Federal Rule of Civil Procedure 8(a) requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed. R. Civ. P. 8(a). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief

above the speculative level." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quotations and citations omitted). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679.

### III. ARGUMENT

#### 1. Plaintiff's Patent Infringement Counts Should be Dismissed Because They Fail to Assert How Phalanx Supposedly Infringes the Patents

Counts 1 and 2 of Plaintiff's Complaint assert infringement of two patents. In order to state a claim for patent infringement, "the allegedly infringing product must practice all elements of a patent claim." *Raptor, LLC v. Odebrecht Constr.*, No. 17-21509, 2017 U.S. Dist. LEXIS 97440, at *6 (S.D. Fla. June 22, 2017). Furthermore, "[a]n allegation of direct patent infringement is insufficient under *Twombly* and *Iqbal* if it simply recites some of the elements of a representative claim and then describes generally how an accused product operates, without specifically tying the operation to any asserted claim or addressing all of the claim requirements." *Id*. Where a Complaint does not "describe how the Defendants' product infringes on any of the elements" of the claims, it should be dismissed.

*Blue Water Innovations, LLC v. Fettig*, No. 18-60671, 2019 U.S. Dist. LEXIS 73605, at *5 (S.D. Fla. Mar. 8, 2019).  Similarly, a claim for patent infringement should be dismissed if "it provides only conclusory statements with no factual support." *Somero Enters. v. Stoltzfus*, No. 2:18-cv-161, 2018 U.S. Dist. LEXIS 134938, at *12 (M.D. Fla. Aug. 10, 2018).  "Merely parroting the language from" the claims does not "allow Defendant or [the] Court to determine which features of Defendant's products actually infringe the elements of" the claims.  *Bierer v. HD Electric Co.*, No. 18-cv-08525, Slip Op. at 2 (N.D. Ill. Mar. 12, 2019).  It is similarly improper to allege that a Defendant infringes "at least" certain claims of a patent, as such language does not give Defendant proper notice of the actually asserted claims.  *Id*.

    Plaintiff's Complaint here violates all the above.  The Complaint asserts that Phalanx infringes "at least claim 1" of the two asserted patents, but does not identify any additional claims that might be infringed.  D.I. 1, at ¶¶ 120 and 129.  The Complaint then does not describe or show how any of Phalanx's products actually practice the elements of claim 1 or any other claims, but instead baldly asserts a conclusion of infringement.  *Id*., at ¶¶ 119-136.  Plaintiff did not insert any of the patents' claim language into the Complaint or show any of Phalanx's accused products, let alone try to tie patent claim language to any of Phalanx's products.  As such, Counts 1 and 2 of Plaintiff's Complaint fail to put Phalanx or

the Court on notice of which claims are asserted or which features of the accused products allegedly infringe any elements of any of the patent claims. Counts 1 and 2 should, therefore, be dismissed.

### 2. Plaintiff's Claim for False Marking Should be Dismissed Because it Falls Short of the Heightened Pleading Standard for Fraud

Count 4 of Plaintiff's Complaint argues that Phalanx is liable for falsely marking its products with the number of the '278 Patent under 35 USC § 292. "A false marking claim requires an intent to deceive the public and sounds in fraud. As such, false marking claims must satisfy the heightened pleading standard of Fed. R. Civ. P. 9(b), which provides that a party must state with particularity the circumstances constituting fraud or mistake. Rule 9(b) requires a plaintiff to plead in detail the specific who, what, when, where, and how of the alleged fraud." *Juniper Networks, Inc. v. Shipley*, 643 F.3d 1346, 1350 (Fed. Cir. 2011) (internal citations and quotations omitted). Where a Plaintiff "merely alleges that [Defendant's] product does not meet all the requirements of [the claims of the] patent and offers a bare-bones conclusion that [Defendant's] falsely marked articles with an intent to deceive," the Complaint does "not meet the strict pleading requirements of Rule 9(b)" and the Count "must be dismissed." *Edge Sys. Ltd. Liab. Co. v. Aguila*, No. 1:14-cv-24517-KMM, 2015 U.S. Dist. LEXIS 144830, at *13 (S.D. Fla. Oct. 26, 2015).

4

A bare-bones conclusory statement exactly how Plaintiff has pleaded here. Plaintiff offers no suggestion that Phalanx had any actual knowledge that its products are not covered by the claims of the '278 Patent. Rather, Plaintiff states only a conclusion, alleging in several paragraphs *its own belief* that Phalanx's products are not covered by the '278 Patent, and then states that, "[u]pon information and belief, Phalanx knew or should have known that its combination bag/vest products were not covered by the '278 patent and were, therefore, unpatented articles." D.I. 1, ¶ 91. This conclusory statement is not enough to meet the heightened standards under Rule 9(b) that a pleading merely reciting that a party "knew or should have known" that a patent marking is false is insufficient. *In re BP Lubricants USA Inc.*, 637 F.3d 1307, 1311 (Fed. Cir. 2011). "Instead, a complaint must in the § 292 context provide some objective indication to reasonably infer that the defendant was aware" of the falsity of the marking. *Id*. Count 4 should therefore be dismissed.

### 3. Plaintiff's Declaratory Judgment of No Tortious Interference Count Should be Dismissed in Favor of the Already-Pending State Court Action

Count 8 of Plaintiff's Complaint seeks a declaratory judgment that it is not liable for a tortious interference filed by Phalanx against it in state court. Plaintiff pleads that those allegations "relate exclusively to federal law, namely, the notification and assertion of patent rights by" Plaintiff. D.I. 1, ¶ 118. Tortious

5

interference claims based on patent rights are, however, not necessarily preempted by federal law (s*ee Zenith Elecs. Corp. v. Exzec, Inc.,* 182 F.3d 1340, 1355 (Fed. Cir. 1999); *Clearplay, Inc. v. Nissim Corp.*, 555 F. Supp. 2d 1318, 1328 (S.D. Fla. 2008) and Plaintiff has not articulated any reason why the state court claim should be preempted.  Until a judgment is entered to the contrary, therefore, the state court action, having been filed first, is a suitable venue to hear that dispute, and where there is a concurrent state court action pending over a claim, it would be a waste of judicial resources to litigate the same claim in federal court.  *See S.-Owners Ins. Co. v. Wallace Sprinkler & Supply, Inc.,* No. 3:13-cv-631-RS-EMT, 2014 U.S. Dist. LEXIS 187338, at *5 (N.D. Fla. Aug. 28, 2014).  Count 8 should therefore be dismissed in favor of the earlier-filed state court action.

## IV.　CONCLUSION

For the reasons stated above, Phalanx respectfully requests the Court dismiss Counts 1 and 2 of Plaintiff's Complaint for failing to put Phalanx or the Court on notice of what, exactly, Plaintiff's claims for patent infringement are; Count 4 for failing to meet the proper pleading standard for a fraud claim; and Count 8 in favor of the action filed in state court.

Date: May 31, 2019                By: /Douglas Wm. Massinger/
Douglas Wm. Massinger
Massinger Law Offices
887 NE 100 Street
Ocala, FL 34479
(p) 352-351-0351
(f) 352-351-0359
e: dwm@massingerlaw.com

Dennis Butler (to be admitted *pro hac vice*)
Panitch Schwarze Belisario & Nadel LLP
Wells Fargo Tower
2200 Concord Pike, Suite 201
Wilmington, DE 19803
(p) 302-394-1330
(f) 215-965-1331

*Attorneys for Defendant Phalanx Defense Systems, LLC.*

## Certificate of Word Count

I hereby certify that the above document, the Memorandum in Support of Defendant's Motion to Dismiss, complies with Local Rule 7.1(F).  The memorandum, including headings, footnotes, and quotations, contains 2,028 words.

Dated: May 31, 2019	/s/ Douglas Wm. Massinger
	Douglas Wm. Massinger

## Certificate of Service

I hereby certify that Defendants' Motion to Dismiss, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

Dated: May 31, 2019	/s/ Douglas Wm. Massinger
	Douglas Wm. Massinger