## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
## GAINESVILLE DIVISION

MARTINSON INDUSTRIES, LLC,
a Delaware limited liability company,

        Plaintiff,

vs.

PHALANX DEFENSE SYSTEMS,
LLC,
a Florida limited liability company

        Defendant.

**Case No.: 1:19-cv-00052-AW-GRJ**

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
## TO FIRST AENDED COMPLAINT

Defendant Phalanx Defense Systems, LLC ("Defendant" or "Phalanx")

hereby responds to the First Amended Complaint (ECF No. 12) of Plaintiff

Martinson Industries, LLC. ("Plaintiff" or "Martinson") as follows. Except as

expressly alleged, averred, or admitted, Phalanx denies each and every allegation

of the Amended Complaint.

### RESPONSE TO ALLEGATIONS REGARDING
### "NATURE OF THE ACTION"

1.      Admit that Plaintiff purports to state a claim for patent infringement.

Phalanx denies any alleged acts of infringement.

## RESPONSE TO ALLEGATIONS REGARDING
## THE "PARTIES"

2.     Admit that Martinson is a limited liability company formed under the laws of Delaware.  It is further admitted that the documents attached to Plaintiff's Amended Complaint as Exhibit A and Exhibit B are purported copies of U.S. Patent Nos. 9,737,100 and 9,861,145, respectively, and that each are entitled "Concealable Body Armor and Combination Bag/Vest."  Phalanx is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Plaintiff's like-numbered paragraph, and on that basis denies such allegations.

3.     Admit.

## RESPONSE TO ALLEGATIONS REGARDING
## "JURISDICTION AND VENUE"

4.     Defendant incorporates by references and re-alleges its responses to plaintiff's allegations of paragraphs 1 through 3.

5.     Admit that Martinson purports to state a claim for patent infringement under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.  Phalanx denies any alleged acts of infringement.

6.     Phalanx admits that this Court has original federal question jurisdiction over the subject matter of actions for patent infringement.

7. Admit Phalanx is a limited liability company formed under the laws of the State of Florida and that it maintains its principal place of business in this Judicial District and is a resident of Florida. Admit that Phalanx regularly conducts business activity in the State of Florida. Phalanx denies that it has committed acts of patent infringement in this Judicial District or in any other Judicial District. The remainder of Plaintiff's like-numbered paragraph are legal conclusions for which no response is required, but Phalanx does not contest personal jurisdiction in this District for this Action.

8. Plaintiff's like-numbered paragraph states a legal conclusion for which no response is required, but Phalanx does not contest venue in this District for this Action.

## RESPONSE TO "FACTUAL ALLEGATIONS"

9. Phalanx is without knowledge or information sufficient to form a belief as to the truth of the allegations of Plaintiff's like-numbered paragraph, and on that basis denies such allegations.

10. Phalanx is without knowledge or information sufficient to form a belief as to the truth of the allegations of Plaintiff's like-numbered paragraph, and on that basis denies such allegations. Phalanx specifically denies that combining discrete, concealed armor protection with rapid deployment capabilities is a novel approach.

11.     Phalanx is without knowledge or information sufficient to form a belief as to the truth of the allegations of Plaintiff's like-numbered paragraph, and on that basis denies such allegations.

12.     Plaintiff's like-numbered paragraph states a legal conclusion for which no response is required.  Phalanx specifically denies that it has made, used, imported, sold, and/or offered for sale products that infringe one or more claims of the '100 patent and/or the '145 patent, and that Phalanx has caused any harm to Martinson, and that Martinson is entitled to any damages.

**RESPONSE TO ALLEGATIONS REGARDING
"THE '100 PATENT"**

13.     Phalanx admits that the face of U.S. Patent No. 9,737,100 ("the '100 patent") states that it is entitled "Concealable Body Armor and Combination Bag/Vest," that is was issued on August 22, 2017, and that it lists "Martinson Industries, LLC, Portland ME (US)" as an "Assignee."  Phalanx is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Plaintiff's like-numbered paragraph, and on that basis denies such allegations.

14.      As to the allegation of validity and enforceability, said allegation is a legal conclusion for which no response is required.  Phalanx is without knowledge or information sufficient to form a belief as to the truth of the remaining

allegations of Plaintiff's like-numbered paragraph, and on that basis denies such allegations.

## RESPONSE TO ALLEGATIONS REGARDING
## "THE '145 PATENT"

15. Phalanx admits that the face of U.S. Patent No. 9,737,100 ("the '100 patent") states that it is entitled "Concealable Body Armor and Combination Bag/Vest," that is was issued on August 22, 2017, and that it lists "Martinson Industries, LLC, Portland ME (US)" as an "Assignee." Phalanx is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Plaintiff's like-numbered paragraph, and on that basis denies such allegations.

16. As to the allegation of validity and enforceability, said allegation is a legal conclusion for which no response is required. Phalanx is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Plaintiff's like-numbered paragraph, and on that basis denies such allegations.

## RESPONSE TO ALLEGATIONS REGARDING
## "THE LICENSE AGREEMENT"

17. Admitted in part; denied in part. Admitted that Martinson and Phalanx entered into a license agreement on or about May 5, 2014. The license agreement was a written agreement and speaks for itself. The editorial description

of the license agreement is denied, as any interpretation of the license agreement calls for a legal conclusion. Moreover, interpretation of the license agreement, if valid, is at issue in the case of *Phalanx Defense Systems, LLC v. Martinson Industries, LLC*, Case no. 01-2019-CA-000144, filed January 14, 2019.

18.     The license agreement speaks for itself. The editorial description of the license agreement is denied, any interpretation of the license agreement calls for a legal conclusion. Moreover, interpretation of the license agreement, if valid, is at issue in the case of *Phalanx Defense Systems, LLC v. Martinson Industries, LLC*, Case no. 01-2019-CA-000144, filed January 14, 2019.

19.     Plaintiff's like-numbered paragraph is incomprehensible as written and, therefore, denied. Any exhibit or addenda to the written license agreement between the parties speak for themselves.

20.     Admitted in part; denied in part. Admit that during the third quarter of 2014 Phalanx began manufacturing and selling combination bag/vest products pursuant to a written license agreement entered into between the parties. The term "ELSA combination bag/vest products" as alleged by Plaintiff does not appear in the license agreement, is therefore considered an interpretation of said license agreement which calls for a legal conclusion, and said allegation is therefore denied. Moreover, interpretation of the license agreement, if valid, is at issue in

the case of *Phalanx Defense Systems, LLC v. Martinson Industries, LLC*, Case no. 01-2019-CA-000144, filed January 14, 2019.

21.     Denied.

22.     Admitted in part; denied in part.  The term "ELSA product" as alleged by Plaintiff does not appear in the license agreement, is therefore considered an interpretation of said license agreement which calls for a legal conclusion, and said allegation is therefore denied.  Moreover, interpretation of the license agreement, if valid, is at issue in the case of *Phalanx Defense Systems, LLC v. Martinson Industries, LLC*, Case no. 01-2019-CA-000144, filed January 14, 2019.  Phalanx admits that it manufactured and sold a combination bag/vest product under the brand name "Escort."  Phalanx is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Plaintiff's like-numbered paragraph, and on that basis denies such allegations.

23.      Phalanx is without knowledge or information sufficient to form a belief as to the truth of the allegations of Plaintiff's like-numbered paragraph, and on that basis denies such allegations.

24.     Phalanx denies that it owed Martinson any duty to disclose its sale of Phalanx's ESCORT branded product.

25.     Admit.

26.     Admitted in part; denied in part.  Phalanx admits that Martinson provided Phalanx with what Martinson purports is a termination notice.  The remainder of allegations in Plaintiff's like-numbered paragraph call for an interpretation of the license agreement which calls for a legal conclusion, and are therefore denied.  Moreover, interpretation of the license agreement, if valid, is at issue in the case of *Phalanx Defense Systems, LLC v. Martinson Industries, LLC*, Case no. 01-2019-CA-000144, filed January 14, 2019.

27.     Admitted in part; denied in part.  Admitted that Martinson sent Phalanx a letter on or about April 16, 2015.  The letter speaks for itself and Plaintiff's editorial description of its contents is denied to the extent not specifically recited within its four corners.  It is specifically denied that Phalanx breached the license agreement, if valid, between the parties.

28.     Admitted in part; denied in part.  Admitted that Martinson sent Phalanx a letter on or about June 2, 2015 purporting to terminate the license agreement between the parties effective June 3, 2015.  The letter speaks for itself and Plaintiff's editorial description of its contents is denied to the extent not specifically recited within its four corners.  It is specifically denied that Phalanx breached the license agreement, if valid.

29.     Admitted in part; denied in part.  Admitted that Phalanx has never reported its sales of its Escort brand product to Martinson and has never paid

Martinson royalties for sales of the Escort brand product. It is denied that Phalanx had any duty to pay royalties to Martinson for sales of the Escort brand product under the license agreement, if valid.

## RESPONSE TO ALLEGATIONS REGARDING "PHALANX'S NOTICE OF MARTINSON'S PATENT RIGHTS"

30. Admitted in part; denied in part. Admitted that Martinson sent Phalanx a letter dated November 19, 2015. The letter speaks for itself and Plaintiff's editorial description of its contents is denied to the extent not specifically recited within its four corners. Phalanx is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Plaintiff's like-numbered paragraph, and on that basis denies such allegations.

31. Plaintiff's like-numbered paragraph calls for a legal conclusion, to which no response is required, and is therefore denied. To the extent a response is required, the "Notice Letters" speak for themselves and Plaintiff's editorial description of its contents is denied to the extent not specifically recited within its four corners.

32. Phalanx is without knowledge or information sufficient to form a belief as to the truth of the allegations of Plaintiff's like-numbered paragraph, and on that basis denies such allegations.

33. Admitted in part; denied in part. Admitted that Phalanx, through its attorney Sven W. Hanson, sent a letter to Martinson dated December 1, 2015.

Phalanx is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Plaintiff's like-numbered paragraph, and on that basis denies such allegations.

34.     Plaintiff's like-numbered paragraph calls for a legal conclusion, to which no response is required, and is therefore denied.  To the extent a response is required, the "Response Letter" speaks for itself and Plaintiff's editorial description, interpretation and conclusory remarks concerning its contents are denied to the extent not specifically recited within its four corners.

35.     Plaintiff's like-numbered paragraph calls for a legal conclusion, to which no response is required, and is therefore denied.  To the extent a response is required, the "Response Letter" speaks for itself and Plaintiff's editorial description of its contents is denied to the extent not specifically recited within its four corners.

36.     Denied.

37.     Plaintiff's like-numbered paragraph calls for a legal conclusion, to which no response is required, and is therefore denied. To the extent a response is required, Phalanx denies the allegations of Plaintiff's like-numbered paragraph. .

38.     Phalanx is without knowledge or information sufficient to form a belief as to the truth of the allegations of Plaintiff's like-numbered paragraph, and on that basis denies such allegations.  Further, Plaintiff's like-numbered paragraph

calls for a legal conclusion, to which no response is required, and is therefore denied.

39.     Phalanx is without knowledge or information sufficient to form a belief as to the truth of the allegations of Plaintiff's like-numbered paragraph, and on that basis denies such allegations.  Further, Plaintiff's like-numbered paragraph calls for a legal conclusion, to which no response is required, and is therefore denied.

40.     Admitted that Sven Hanson sent Martinson an email on January 3, 2018.  The email speaks for itself and Plaintiff's editorial description of its contents is denied to the extent not specifically recited within its four corners.

41.     Admitted that Martinson's attorney, Sean Sweeney, sent Sven Hanson a letter dated January 19, 2018.  The letter speaks for itself and Plaintiff's editorial description of its contents is denied to the extent not specifically recited within its four corners.

42.     Phalanx is without knowledge or information sufficient to form a belief as to the truth of the allegations of Plaintiff's like-numbered paragraph, and on that basis denies such allegations.

### RESPONSE TO ALLEGATIONS REGARDING "PHALANX'S WRONGFUL CONDUCT"

43.     Admitted.

44.     Denied.

45.     Plaintiff's like-numbered paragraph calls for a legal conclusion, to which no response is required, and is therefore denied.

46.     Phalanx is without knowledge or information sufficient to form a belief as to the truth of the allegations of Plaintiff's like-numbered paragraph, and on that basis denies such allegations.

47.     Plaintiff's like-numbered paragraph calls for a legal conclusion, to which no response is required, and is therefore denied.

48.     Admitted.

49.     Plaintiff's like-numbered paragraph calls for a legal conclusion, to which no response is required, and is therefore denied.

50.     Denied.  Further to the extent Plaintiff's like-numbered paragraph calls for a legal conclusion, to which no response is required, that statement is further denied on this basis.

51.     Admitted.

52.     Denied.

53.     Admitted in part; denied in part.  Admitted that Martinson sent Phalanx a letter dated November 19, 2015.  The letter speaks for itself and Plaintiff's editorial description of its contents is denied to the extent not specifically recited within its four corners.  The remainder of Plaintiff's like-numbered paragraph allege conclusions of law to which no response is required.

To the extent a response is required, Phalanx denies that it was objectively reckless and unreasonable for Phalanx to continue to make, use, sell, offer to sell, and/or import its Agent, Escort, and Executive combination bag/vest products and that Martinson possesses and/or is entitled to any provisional patent rights.

54.     Plaintiff's like-numbered paragraph alleges conclusions of law to which no response is required.  To the extent a response is required, Phalanx denies having actual notice of the '100 patent and the '145 patent as of each patent's respective issue date, and denies that it was objectively reckless and unreasonable for Phalanx to continue to make, use, sell, offer to sell, and/or import its Agent, Escort, and Executive combination bag/vest products.

## RESPONSE TO ALLEGATIONS REGARDING "PHALANX'S INFRINGEMENT OF THE '100 AND '145 PATENTS"

55.     Phalanx denies that the document attached as Exhibit C to the Amended Complaint demonstrates infringement of any claim of the '100 patent. The remainder of Plaintiff's like-numbered paragraph consists of commentary, beliefs, and conclusions regarding its own infringement analysis and the nature of Phalanx's products, and therefore requires no response.  To the extent a response is required, Phalanx denies the remainder of the allegations of Plaintiff's like-numbered paragraph.  Phalanx further denies that it infringes the '100 patent.

56.     Phalanx denies that the document attached as Exhibit D to the Amended Complaint demonstrates infringement of any claim of the '145 patent.

The remainder of Plaintiff's like-numbered paragraph consists of commentary, beliefs, and conclusions regarding its own infringement analysis and the nature of Phalanx's products, and therefore requires no response. To the extent a response is required, Phalanx denies the remainder of the allegations of Plaintiff's like-numbered paragraph. Phalanx further denies that it infringes the '145 patent.

57.    `Phalanx denies that the document attached as Exhibit E to the Amended Complaint demonstrates infringement of any claim of the '145 patent. The remainder of Plaintiff's like-numbered paragraph consists of commentary, beliefs, and conclusions regarding its own infringement analysis and the nature of Phalanx's products, and therefore requires no response. To the extent a response is required, Phalanx denies the remainder of the allegations of Plaintiff's like-numbered paragraph. Phalanx further denies that it infringes the '145 patent.

58.    Phalanx denies that the document attached as Exhibit F to the Amended Complaint demonstrates infringement of any claim of the '145 patent. The remainder of Plaintiff's like-numbered paragraph consists of commentary, beliefs, and conclusions regarding its own infringement analysis and the nature of Phalanx's products, and therefore requires no response. To the extent a response is required, Phalanx denies the remainder of the allegations of Plaintiff's like-numbered paragraph. Phalanx further denies that it infringes the '145 patent.

**RESPONSE TO "COUNT ONE" AND ALLEGATIONS REGARDING "INFRINGEMENT OF THE '100 PATENT"**

59. Phalanx repeats and incorporates by reference its responses to paragraphs 1 through 58.

60. Denied.

61. Admitted.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Phalanx is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegation that Phalanx and Martinson directly compete in the market for tactical equipment, and on that basis denies such allegations. The remainder of Plaintiff's like-numbered paragraph consists of commentary, beliefs, and conclusions regarding its own infringement analysis and the nature of Phalanx's products, and therefore requires no response. To the extent a response is required, Phalanx denies the remainder of the allegations of Plaintiff's like-numbered paragraph. Phalanx further denies that it infringes the '100 patent and that Martinson is entitled to an injunction.

67. Denied.

**RESPONSE TO "COUNT TWO" AND ALLEGATIONS REGARDING
"INFRINGEMENT OF THE '145 PATENT"**

68.     Phalanx repeats and incorporates by reference its responses to paragraphs 1 through 58.

69.     Denied.

70.     Admitted.

71.     Denied.

72.     Denied.

73.     Denied.

74.     Denied.

75.     Phalanx is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegation that Phalanx and Martinson directly compete in the market for tactical equipment, and on that basis denies such allegations.  The remainder of Plaintiff's like-numbered paragraph consists of commentary, beliefs, and conclusions regarding its own infringement analysis and the nature of Phalanx's products, and therefore requires no response.  To the extent a response is required, Phalanx denies the remainder of the allegations of Plaintiff's like-numbered paragraph.  Phalanx further denies that it infringes the '145 patent and that Martinson is entitled to an injunction.

76.     Denied.

**RESPONSE TO "PRAYER FOR RELIEF"**

Phalanx denies that Martinson is entitled to any of the relief it is seeking in this action.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Phalanx hereby respectfully requests a trial by jury of all issues so triable.

## AFFIRMATIVE AND OTHER DEFENSES

Phalanx presently asserts the following affirmative and other defenses to the Amended Complaint. Phalanx does not concede that it bears the burden of proof or persuasion on any of these defenses. Phalanx reserves the right to assert additional defenses in the event that discovery or further investigation demonstrates that any such defense is appropriate or applicable. Headings are included for convenience only and do not limit Phalanx's defenses.

## FIRST DEFENSE
### (Failure to State a Cause of Action)

1. The Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE
### (Non-Infringement)

2. Defendant has not infringed, willfully or otherwise, directly or indirectly, any valid claim of the '100 patent.

3. Defendant has not infringed, willfully or otherwise, directly or indirectly, any valid claim of the '145 patent.

## THIRD DEFENSE
### (Invalidity)

4. One or more claims of the '100 patent is invalid for failure to comply with the statutory requirements for valid patents, namely Title 35 of the United States Code, including but not limited to §§ 102, 103, and 112.

5. One or more claims of the '145 patent is invalid for failure to comply with the statutory requirements for valid patents, namely Title 35 of the United States Code, including but not limited to §§ 102, 103, and 112.

## FOURTH DEFENSE
### (Prosecution History Estoppel and/or Prosecution Disclaimer)

6. Martinson's claims are barred in whole or in part by the doctrines of prosecution history estoppel and/or prosecution disclaimer because of admissions, amendments, arguments, or statements made to the United States Patent and Trademark Office during the prosecution of the applications leading to, or related to, the issuance of the '100 patent.

7. Martinson's claims are barred in whole or in part by the doctrines of prosecution history estoppel and/or prosecution disclaimer because of admissions, amendments, arguments, or statements made to the United States Patent and Trademark Office during the prosecution of the applications leading to, or related to, the issuance of the '145 patent.

## FIFTH DEFENSE

**(Laches, Equitable Estoppel, Promissory Estoppel, Waiver, Ratification, and Unclean Hands)**

8.     Plaintiff's claims are barred by the equitable doctrines of laches, equitable estoppel, promissory estoppel, waiver, ratification, and unclean hands.

## SIXTH DEFENSE
**(Failure to Mark or Provide Notice)**

9.     Martinson is not entitled to damages because it is barred, in whole or in part, for failure to comply with the marking and notice requirements of 35 U.S.C. § 287, where Martinson failed to provide Phalanx with actual or constructive notice of the alleged infringement of the '100 and '145 patents prior to filing the Complaint in this action.

## SEVENTH DEFENSE
**(Injunctive Relief Unavailable)**

10.     Martinson is not entitled to an injunction, including but not limited to the reason that Martinson has an adequate remedy at law for any alleged infringement, and as such there is no basis for equitable relief.

## EIGHTH DEFENSE
**(Failure to Disclaim)**

11.     Martinson can recover no costs for failure to disclaim each invalid claim in the '100 and '145 patents with the U.S. Patent and Trademark Office prior to commencement of this suit, as required by 35 U.S.C. § 288.

## PRAYER FOR RELIEF

WHEREFORE, Phalanx respectfully prays the Court grant the following relief:

(1) That Martinson take nothing by its suit;

(2) That judgment be entered in favor of Phalanx;

(3) That the '100 patent be declared not infringed, invalid and/or unenforceable;

(4) That the '145 patent be declared not infringed, invalid and/or unenforceable;

(5) That the Court find this to be an exceptional case;

(6) That Phalanx be awarded its costs of suit, including reasonable attorneys' fees under 35 U.S.C. § 285 and/or to the extent permissible by law; and

(7) That Phalanx be awarded such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Date: June 23, 2019

By: /Douglas Wm. Massinger/
**Douglas Wm. Massinger**
Florida Bar No. 855391
**MASSINGER LAW OFFICES**
887 NE 100 Street
Ocala, FL 34479
(p) 352-351-0351
(f) 352-351-0359
e: dwm@massingerlaw.com

**Dennis Butler** (*pro hac vice*)
Delaware Bar No. 5981
**Panitch Schwarze Belisario & Nadel LLP**
Wells Fargo Tower
2200 Concord Pike, Suite 201
Wilmington, DE 19803
(p) 302-394-1330
(f) 215-965-1331

*Attorneys for Defendant Phalanx Defense Systems, LLC.*

## Certificate of Service

I hereby certify that on **June 27, 2019**, I electronically filed the foregoing with the Clerk of the Court through the CM/ECF system. I hereby certify that the foregoing is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

Dated: June 27, 2019                    /s/ Douglas Wm. Massinger
                                        Douglas Wm. Massinger

## Service List

**Stephen Hart Luther**
sluther@allendyer.com
**Ryan Thomas Santurri**
rsanturri@allendyer.com
ALLEN DYER DOPPELT & GILCHRIST
255 S Orange Avenue Ste 1401
Orlando, FL 32802-3460
407-841-2330
407-841-2343 (fax)

**Sean L Sweeney**
TREDECIM LLC
91-J Auburn Street #1133
Portland, ME 04103
207-221-6100
617-507-5578 (fax)
sean@tredecimlaw.com